UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-80860-BLOOM/Valle

SHIPPING AND TRANSIT, LLC,

      Plaintiff,
v.

WOV, LLC d/b/a VAPESHOP.COM,

      Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant, WOV, LLC's ("Defendant") Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. [16], seeking to dismiss Plaintiff Shipping and Transit, LLC's ("Plaintiff") Complaint, ECF No. [1]. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, and applicable law. For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Plaintiff filed this action on May 31, 2016, alleging direct patent infringement (Count I) and indirect patent infringement (Count II). Plaintiff asserts that it owns all rights, titles, and interests in, and/or has standing to sue for several patents, including U.S. Patent Number 6,415,207 (the "207 Patent"), entitled "System and Method for Automatically providing vehicle status information," U.S. Patent Number 6,904,359 (the "359 Patent), entitled "Notification System and Methods with User-Definable Notifications Based Upon Occurrence of Events," U.S. Patent Number 6,763,299 (the "299 Patent"), entitled "Notification systems and methods with notification based upon prior stop locations," and U.S. Patent Number 7,400,970 (the "970

Patent"), entitled "System and Method for an Advance Notification System for Monitoring and reporting Proximity of a Vehicle." Compl. ¶¶ 7-10. Plaintiff alleges that Defendant has directly and indirectly infringed the 207, 359, 299, and 970 Patents through activities, programs, applications, functions, systems and methods, and the use of tracking and notification technologies within its "Advance Ship Notice" and "Shipping Confirmation Email." *Id.* ¶¶ 13, 17.

Plaintiff asserts that Defendant, a Colorado corporation with its principal place of business in Castle Rock, Colorado, "transacts business in Florida and within this Judicial District through use of its electronic tracking, text, email and other messaging to customers within this State and Judicial District and has, at minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services and/or products that infringe claims" of the 207, 359, 299, and 970 Patents. *Id.* ¶ 6. Plaintiff maintains that this Court has personal jurisdiction over Defendant pursuant to Florida's long-arm statue because Defendant "(a) operates, conducts, engages in, and/or carries on a business or business adventure(s) [sic] in Florida and/or has an office or agency in Florida; (b) has committed one or more tortuous acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws, services and/or benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida." *Id.* ¶ 3. Defendant moves to dismiss this action for lack of personal jurisdiction.

## II. DISCUSSION

"Federal Circuit Law governs the issue of whether a court has personal jurisdiction over a defendant in a patent infringement claim." *Roblor Mktg. Grp., Inc. v. GPS Indus., Inc.*, 645 F.

Supp. 2d 1130, 1148 (S.D. Fla. 2009) (citing *Elecs. For Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1348 (Fed. Cir. 2003); *see also Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) ("[W]e apply Federal Circuit law because the jurisdictional issue is intimately involved with the substance of the patent laws.") (internal quotation marks and citation omitted).

Where, as here, the parties have not conducted discovery, a plaintiff need "only . . . make a prima facie showing that [a defendant is] is subject to personal jurisdiction. As such, the pleadings and affidavits are to be construed in the light most favorable to [the plaintiff]." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328–29 (Fed. Cir. 2008). Indeed, "[i]n the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Coyle,* 340 F.3d at 1349.

Here, Plaintiff asserts that this Court has both general and specific personal jurisdiction over Defendant. "General personal jurisdiction requires that the defendant have continuous and systematic contacts with the forum state, while specific personal jurisdiction can exist even if the contacts are not continuous and systematic." *Petzila, Inc. v. Anser Innovation LLC*, 620 F. App'x 941, 943 (Fed. Cir. 2015). The Court will address each in turn.

### A. General Jurisdiction

"Under general jurisdiction, the exercise of jurisdiction is proper where the defendant has continuous and systematic contacts, *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L.Ed.2d 404 (1984), with the forum state, even if those contacts are not related to the cause of action." *Coyle*, 340 F.3d at 1349. "[T]he proper inquiry . . . is whether a foreign corporation's 'affiliations with the State are so continuous and systematic as to

render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 749, 187 L. Ed. 2d 624 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (quotation marks omitted). "[T]he inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State.'" *Daimler*, 134 S. Ct. at 761 (quoting *Goodyear*, 131 S. Ct. at 2851); *see, e.g.*, *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 448 (1952) (finding general jurisdiction where the defendant had established a temporary management office in the subject forum during wartime). Thus, a nonresident corporation will be subject to general jurisdiction only in the "exceptional case."

Plaintiff attaches the affidavit of its CEO, Peter Sirianni, in support of its assertion that jurisdiction is proper. Mr. Sirianni's affidavit, however, largely reasserts the conclusory statements and arguments presented in Plaintiff's response brief urging that Plaintiff has demonstrated the Court's jurisdiction over Defendant. *See* Sirianni Aff. ¶ 4 ("Plaintiff has shown the necessary 'continuous systematic contacts' with Florida to confer general jurisdiction over Defendant."); *id.* ¶ 5 ("Likewise, Plaintiff has satisfied the three-part test for specific jurisdiction over Defendant."); *id.* ¶ 6 ("Plaintiff has purposely availed itself of the privilege to do business in Florida or purposely directed its activities toward Florida."); *id.* ¶ 7 ("Plaintiff's claims 'arise out of, or result form,' forum-related activities by Defendant."); *id.* ¶ 8 ("Exercising jurisdiction over Defendant would be reasonable and does not offend 'traditional notions of fair play and substantial justice.'").

Plaintiff contends that "Section 48.193(2) creates general jurisdiction based upon [Defendant's] substantial activities in Florida, whether or not the claim arises from such

activity." Resp., ECF No. [25] at 3. Plaintiff baldly states that Defendant has customers in Florida, that these customers utilize Defendant's infringing technology, and that Defendant aids in such infringement. Plaintiff maintains that it "is confident the full extent of customers here in Florida, utilizing the infringing technology provided by [Defendant] and aided by [Defendant] will be revealed during discovery." Resp. at 4. Plaintiff also points to Defendant's website, which states that Defendant "ships to all 50 states in the U.S." *Id.* at 5; Sirianni Aff. ¶ 12.

A defendant's website alone does not establish general jurisdiction when it is not specifically directed at the forum state, "'but instead is available to all customers throughout the country who have access to the Internet . . . . [T]he ability of [forum] residents to access the defendants' websites . . . does not by itself show any persistent course of conduct by the defendants in the [forum].'" *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008) (quoting *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005)); *see also Estate of Fraser v. Smith,* 2007 WL 5007084, at *8 (S.D. Fla. Nov. 13, 2007), *aff'd sub nom. Fraser v. Smith*, 594 F.3d 842 (11th Cir. 2010) ("Indeed, while the law may still be unsettled in the Eleventh Circuit, other circuits have required that for personal jurisdiction to be based on a website—even an interactive one—it must be shown that the owner of the website manifestly intended to target citizens of the forum state."). The Federal Circuit has also found a small volume of sales to customers in a forum state to be insufficient to establish general jurisdiction. *See Miale*, 542 at 884 (twelve sales to forum state residents over eight years, amounting to less than $14,000, or two percent of defendants' total sales, is a "classic case of sporadic and insubstantial contacts within the forum state, which are not sufficient to establish general jurisdiction").

Here, Plaintiff has stated only that Defendant's website ships to all fifty U.S. states, and has presented its CEO's conclusory assertion that "Defendant has purposely availed itself of the privilege to do business in Florida or purposely directed its activities toward Florida." Sirianni Aff. ¶ 6. Defendant has presented an affidavit from Defendant's owner and operator, Frederic Bellier, countering that Defendant "does not specifically target Florida customers." Bellier Aff., ECF No. [16-1] ¶ 3. Plaintiff has presented no record evidence or even allegation that Defendant has manifestly targeted Florida. The fact that Defendant's website is available nationwide and presents the possibility that its products may be shipped to Florida is not sufficient so as to render it essentially at home in Florida. Plaintiff has not asserted—or even alleged—any approximation of the amount of business conducted by Defendant in Florida or even that any of its products have been sold in or shipped to Florida. *See* Sirianni Aff. ¶ 14 ("Plaintiff has never purchased any products from Defendant's website."). The mere possibility that Defendant may sell its products in Florida, without more, is insufficient to establish this forum's general jurisdiction over Defendant.

Plaintiff further asserts that Defendant advertises on its website that it carries products created by Nicopure Labs, LLC d/b/a HaloCigs.com ("Halo"), which is both located in and conducts business in Florida. *See* Sirianni Aff. ¶¶ 9-11; Ex. 2, ECF No. [25-2] (Florida Department of State Division of Corporations entry for Halo). Plaintiff maintains that Halo is one of Defendant's "exclusive suppliers" of product and therefore Defendant at minimum has continuous and systematic activity in Florida by obtaining product from Halo for Defendant's customers. However, as this Court has previously held, it is "clear that sales and marketing efforts, even together with holdings and operations in Florida, are insufficient to render a

6

nonresident company at home in Florida." *Waite v. AII Acquisition Corp.*, No. 15-CV-62359, 2016 WL 2346768, at *6 (S.D. Fla. Mar. 10, 2016).

> Defendant has asserted, and Plaintiff has not attempted to contravene, that Defendant
>
> has no physical presence in Florida whatsoever. [Defendant] does not have any retail stores, agents, resellers, or distributors in Florida, and does not market or otherwise advertise in Florida. Furthermore, [Defendant] is not registered to do business in Florida, does not pay any taxes in Florida, does not have any bank accounts in Florida, does not own any property in Florida, has not entered into any contracts in or connected to Florida, and does not specifically target Florida customers.

Bellier Aff. ¶ 3. Defendant's business dealings with a third party in Florida is not an activity "closely approximat[ing] those ordinarily characterizing a corporation's place of incorporation or principal place of business." *Waite*, 2016 WL 2346768, at *6. Accordingly, Defendant is not subject to general jurisdiction in this District.

### B. Specific Jurisdiction

"Where a defendant is not subject to general jurisdiction in the forum state, a district court may nonetheless exercise specific jurisdiction over the defendant if the cause of action 'arises out of' or 'relates to' the defendant's in-state activity." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1360–61 (Fed. Cir. 2006) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985)). "Determining whether specific personal jurisdiction over a nonresident defendant is proper entails two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of jurisdiction would be inconsistent with due process." *Coyle*, 340 F.3d at 1349. "A court may exercise specific personal jurisdiction without violating the Due Process Clause when the defendant 'ha[s] certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Acorda*

*Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 759 (Fed. Cir. 2016) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945)). "The minimum-contacts requirement focuses on whether "the defendant's suit-related conduct . . . create[s] a substantial connection with the forum State." *Id.* (quoting *Walden v. Fiore,* -- U.S. --, 134 S. Ct. 1115, 1121, 188 L.Ed.2d 12 (2014)); *see also Miale*, 542 F.3d at–83 (the due process question requires "(1) the non-resident defendant purposely do some act or consummate some transaction in the forum state, (2) the cause of action arise from or be connected with that transaction, and (3) the assumption of jurisdiction by the forum state not offend traditional notions of fair play and substantial justice").

Plaintiff asserts that the Court retains specific jurisdiction over Defendant because Defendant has committed "a tortious act in Florida under section 48.193(1)(b)"[1] through Defendant's communications, including shipment notifications and tracking and tracing information provided to customers in Florida, which are sent to computers in Florida and constitute what Plaintiff considers to be a form of infringement of its patents.[2] As discussed *supra*, to the extent Plaintiff argues that specific jurisdiction is proper based solely upon the

---

[1] It appears that Plaintiff has cited to a prior version of the applicable statute. Under the current version of the statute, effective July 1, 2016, Section 48.193(1)(a)(2) provides that "[a] person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from . . . [c]omitting a tortious act within this state." *See* Fla. Stat. 48.193(1)(a)(2).

[2] Defendant appears to argue that Plaintiff has attempted to manufacture jurisdiction by initiating contact with Defendant in Colorado and posing as a customer after visiting Defendant's website and subsequently filing the instant action. *See* Mot. at 5. Indeed, "a single isolated contact when initiated by the plaintiff, not the defendant, is insufficient to establish minimum contacts. . . . Such contacts do not constitute 'purposeful availment' as they result not from the conduct of the defendant, but from the conduct of others." *Elite Aluminum Corp. v. Trout*, 451 F. Supp. 2d 1311, 1316 (S.D. Fla. 2006). Plaintiff, however, maintains that none of Plaintiff's agents, representatives, owners, etc. contacted Defendant prior to litigation with the intent of purchasing Defendant's products and Plaintiff has never purchased any products from Defendant's website, and the Court therefore finds no occasion to address this argument. *See* Sirianni Aff. ¶¶ 13-14.

availability of Defendant's website to all customers throughout the country, this, without more, is insufficient to establish jurisdiction.

"In determining whether jurisdiction can be established under tortious conduct provisions of a state long-arm statute, courts have held that patent infringement constitutes a tortious act for the purposes of establishing personal jurisdiction." *Trout*, 451 F. Supp. 2d at 1314–15. "With respect to the resulting injury, the Court of Appeals for the Federal Circuit has explained that the site of the injury in a patent infringement action is the location 'at which the infringing activity directly impacts on the interests of the patentee . . . .'" *Id.* (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1571 (Fed. Cir. 1994) (holding that "[e]conomic loss occurs to the patent holder at the place where the infringing sale is made because the patent owner loses business there").

The Complaint states that Defendant has, "at minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services and/or products that infringe" Plaintiff's patents. Mr. Bellier's affidavit does not directly rebut Plaintiff's assertion that Defendant has offered or provided infringing services and/or products to customers in Florida. However, this vague, conclusory statement is wholly lacking in factual support regarding Defendant's interaction with the forum state or how Plaintiff suffered an actual injury here.

Moreover, to the extent Plaintiff argues that jurisdiction is appropriately exercised over Defendant "because products, materials, or things processed, serviced or manufactured by [Defendant] anywhere were used or consumed within Florida in the ordinary course of commerce, trade or use," *see* Fla. Stat. § 48.193(1)(a)(6)(b),[3] Plaintiff has similarly failed to provide sufficient support for this assertion. Resp. at 6. Indeed, Plaintiff conclusively states, with

---

[3] Plaintiff incorrectly cites to 48.193(2) in support of its "ordinary course of commerce" argument.

no further factual allegation or support, that "things processed by [Defendant], were and are used by [Defendant's] customers in Florida in the ordinary course of commerce, trade or use." *Id.* Accordingly, Plaintiff has failed to set forth a *prima facie* showing that specific jurisdiction is appropriate under the long-arm statute.[4] Plaintiff, however, will be granted leave to amend to correct these deficiencies.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss, ECF No. [16], is **GRANTED**. Plaintiff's Complaint, ECF No. [1], is **DISMISSED WITHOUT PREJUDICE** and Plaintiff is granted leave to amend. Plaintiff shall file an amended complaint on or before **September 30, 2016**. Defendant shall file its response to Plaintiff's amended complaint on or before **October 13, 2016**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of September, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     Counsel of Record

---

[4] The Court therefore does not reach the issue of whether the assertion of jurisdiction would be inconsistent with due process.